LLOYD, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

(No. 7446—Decided March 3, 1964.)

Mr. *Alexander H. Martin, Jr.,* for appellant.
Mr. *William B. Saxbe,* attorney general, and Mr. *Robert M. Duncan,* for appellee.

TROOP, J.   Norman Lloyd, appellant herein and in the Common Pleas Court of Franklin County, appealed to the court below from an order of the Industrial Commission of Ohio dated July 17, 1963, entitled "Directive and Order" and addressed "To all personnel of the Industrial Commission of Ohio and the Bureau of Workmen's Compensation of Ohio."

Appellant objected to the directive and predicated his appeal on the ground that the directive was in fact a rule as defined in Section 119.01 (C), Revised Code, and that the Industrial Commission had failed and neglected to comply with Section 119.03, Revised Code, in the enactment of the rule.   Further supporting his appeal, appellant urges that the alleged rule is unreasonable and unlawful, affects private rights, and in particular adversely affects the appellant.

In connection with a hearing on a motion to dissolve an injunction *pendente lite,* which had been allowed by the Common Pleas Court, it was agreed by the parties that the court should dispose of the motion on for hearing and also dispose of the motion of the Industrial Commission to dismiss the

appeal then pending before the court. By entry filed August 2, 1963, the court dissolved the injunction, sustained the motion to dismiss the appeal, and entered final judgment for the appellee.

This appeal from the judgment of the Common Pleas Court is presented upon essentially the same grounds as urged before the court below. A copy of the directive and order issued by the Industrial Commission appears in the record. The content of the directive indicates that it was issued following the release of the opinion of the Supreme Court in the case of *In re Unauthorized Practice of Law in Cuyahoga County* (1963), 175 Ohio St., 149. Whatever bearing that decision may have had on the issuance of the directive in question is of minor importance here. An examination of the language used in the document is necessary to a determination as to whether it is a "directive" for the guidance of departmental procedures or an "order" affecting private rights.

The fact that the paper is directed to "all personnel" of the commission and bureau is of some significance. In five different areas covering the filing, inspection of claims and files, and in the hearings, department employees are ordered not to recognize a nonlawyer as representing a claimant in any of the areas. Nothing in the language used applies to anything beyond procedural matters. The net effect of the directive is to regulate the work of the department, saying to the personnel, allow only lawyers to file, have access to files and appear at hearings, and do not grant those privileges to nonlawyers.

Claimants, and sometimes their widows and heirs, and under some conditions employers, have *rights* under Workmen's Compensation laws. Where those basic rights are affected "rules" come into being when the Industrial Commission acts as defined by Section 119.01, Revised Code, and the procedure for adoption prescribed in Section 119.03, Revised Code, must be followed. Where only internal procedures are involved, as in the instant case, Section 119.03, Revised Code, is not applicable.

The judgment of the Court of Common Pleas is affirmed and the appeal dismissed at appellant's costs.

*Judgment affirmed.*

BRYANT and DUFFEY, JJ., concur.